
# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH DAKOTA

# CENTRAL DIVISION



```
***************************************************************************
                                    *
UNITED STATES OF AMERICA,           *       CR. 06-30078(02)
                                    *
        Plaintiff,                  *
                                    *
-vs-                                *       MEMORANDUM OPINION
                                    *           AND ORDER
JOHN J. PENEAUX,                    *
                                    *
        Defendant.                  *
                                    *
***************************************************************************
```

Defendant, John J. Peneaux (Peneaux), filed a Motion to Sever Jury Trials on October 3, 2006, Docket No. 25. Significantly, the co-Defendant, Franklin L. Espinosa (Espinosa), did not join in Peneaux's Motion nor did he move separately for severance. After considering the Motion in light of the records on file and the totality of the circumstances present, the Court concludes that the Motion should be denied.

I.

The pertinent facts and procedural history can be briefly stated. On or about July 4, 2006, on the Rosebud Indian Reservation, Peneaux and Espinosa are alleged, either individually or as aiders and abettors, to have unlawfully assaulted William ("Guy") Hart with a dangerous weapon (nunchaku) that resulted in serious bodily injury to Hart. Peneaux and Espinosa were indicted conjointly on assault with a dangerous weapon and assault resulting in serious bodily injury charges and have both entered not guilty pleas. A jury trial is scheduled to begin on November 14, 2006.

II.

According to Peneaux:

The basis for [his severance] Motion is that [ ] Espinosa, made a statement to law enforcement implicating [ ] Peneaux, as the perpetrator of the offenses charged. The admission of [Espinosa's] statement would result in prejudice to [Peneaux] at a joint trial as [Peneaux] would be deprived of his opportunity to confront and cross-examine [ ] witnesses as guaranteed by the Sixth Amendment of the United States Constitution.

Docket No. 25 at 1. Alternatively, Peneaux argues that if severance is not granted, then the Court should prohibit the admission of Espinosa's statement at the joint trial. Id.

III.

In Bruton v. United States, 391 U.S. 123 (1968), the United States Supreme Court held that the Confrontation Clause was violated when a confession of one defendant implicating another defendant was placed before the jury at the defendants' joint trial and the confessing defendant did not take the witness stand and was therefore not subject to cross-examination. 391 U.S. at 126, 137. In so holding, the Supreme Court made clear that the Sixth Amendment violation was not cured by the giving of a cautionary instruction that the confession was to be considered only as evidence against the confessing defendant. Id. at 128-29, 135-37.

About two decades later, the Supreme Court, in Richardson v. Marsh, 481 U.S. 200 (1987), declined to extend the Bruton rule. Instead, it held that the Confrontation Clause was not violated by the admission of a non-testifying co-defendant's confession that was redacted to eliminate the defendant's name and any other reference to the defendant's existence. 481 U.S. at 206-11. In Richardson, the evidence introduced after the co-defendant's redacted

statement caused the statement to inculpate the defendant. Id. at 203-04. The Court found, however, that such "contextual" incrimination did not violate the rule in Bruton because a jury was likely to obey a cautionary instruction to consider the statement itself as evidence only against the confessing defendant. Id. at 208-09.

Recently, the Supreme Court revisited the applicability of Bruton's protective rule to the redacted confession of a co-defendant. In Gray v. Maryland, 523 U.S. 185 (1998), the Court held that a confession which substituted blanks and the word "delete" for the co-defendant's proper name fell within the scope of the Bruton rule. 523 U.S. at 197.

IV.

Here, Peneaux's statements are not so "powerfully incriminating" that a separate trial is required. In fact, it appears from the statements the Government has submitted that Peneaux and Espinosa may have simply been trying to defend themselves against Hart's aggressive actions. Peneaux's Motion, therefore, should be denied for this reason alone.

Even if Espinosa's statements are facially incriminating, Peneaux has nonetheless failed to establish that any prejudice he may face by virtue of the admission of the statements could not be cured by the giving of a proper limiting instruction and a redaction in such statements to his name and reference to his existence. Richardson, 481 U.S. at 211; United States v. Logan, 210 F.3d 820, 821-23 (8th Cir.) (en banc), cert. denied, 531 U.S. 1053 (2000); United States v. Edwards, 159 F.3d 1117, 1124-26 (8th Cir. 1998), cert. denied, 528

U.S. 825 (1999).[1]  As such, severance is not obligatory in this instance under the Confrontation Clause.

V.

Nor is severance required under Fed. R. Crim. P. 8(b) or 14(a).

Rule 8(b) provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). Indeed, "[j]oint trials 'play a vital role in the criminal justice system.'" Id. (quoting Richardson, 481 U.S. at 209).  "They promote efficiency 'and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" Zafiro, 506 U.S. at 537 (quoting Richardson, 481 U.S. at 210).

Under Fed. R. Crim. P. 14(a), a court may grant a severance of trials if joinder "appears to prejudice a defendant."  To warrant severance, the defendant must show "real prejudice" that is, "something more than the mere fact that he would have had a better chance for acquittal had he been tried separately." United States v. Oakie, 12 F.3d 1436, 1441 (8th

---

[1] As to whether a co-defendant's name can be replaced with a pronoun or similarly neutral word, the Eighth Circuit and other courts have consistently upheld this practice as long as the redacted confession or admission does not facially incriminate or lead the jury directly to a non-testifying defendant's co-defendant. See Edwards, 159 F.3d at 1124-26 (use of "we", "they", "someone", and "others"); United States v. Jones, 101 F.3d 1263, 1270 & n.5 (8th Cir. 1996) ("we" and "they"), cert denied, 520 U.S. 1160 (1997); United States v. Williams, 936 F.2d 698, 700-01 (2d. Cir. 1991) ("another guy"); United States v. Briscoe, 896 F.2d 1476, 1502 (7th Cir.) ("we"), cert. denied, 498 U.S. 863 (1990); United States v. Garcia, 836 F.2d 385, 390-91 (8th Cir. 1997) ("someone"). In this case, because a third person, "Martin", was also allegedly involved in the altercation that occurred with Hart, replacement of Peneaux's name can be accomplished with one or more pronouns or neutral words with like meanings.

4

Cir. 1993) (quoting United States v. Adkins, 842 F.2d 210, 211-12 (8th Cir. 1998)). The question of whether a denial of a severance motion results in "clear or real prejudice" turns in large part on whether a jury is able to compartmentalize the evidence against each defendant. United States v. Bordeaux, 84 F.3d 1544, 1547 (8th Cir. 1996); United States v. Blum, 65 F.3d 1436, 1444 (8th Cir. 1995), cert. denied, 516 U.S. 1097 (1996).

The mere fact that two defendants may have potentially antagonistic defenses and that hostility may result if one defendant attempts to save himself at the expense of the other is not sufficient grounds to require severance. Bordeaux, 84 F.3d at 1547; United States v. Shivers, 66 F.3d 938, 940 (8th Cir.), cert denied, 516 U.S. 1016 (1995). Likewise, the fact that the co-defendant may try to shift the blame to the other defendant does not mandate separate trials. Bordeaux, 84 F.3d at 1547; United States v. Johnson, 944 F.2d 396, 402-03 (8th Cir.), cert. denied, 502 U.S. 1008 (1991).

Peneaux and Espinosa's statements reflect that they both were involved in a "fight" with Hart they claim Hart initiated. It is thus clear that they were active participants in the same series of acts or transactions that formed the basis for the charged offenses.

Peneaux's claim of prejudice is exaggerated. This does not appear to be a complex case or one in which a jury is likely to be confused and incapable of "compartmentalizing" the evidence. See Bordeaux, 84 F.3d at 1547; Blum, 65 F.3d at 1444; United States v Jones, 880 F.2d 55, 63 (8th Cir. 1989). The case involves two distinct defendants, both of whom are charged with committing, as principals or aiders and abettors, the same two offenses. See United States v. McGuire, 45 F.3d 1177, 1187 (8th Cir.), cert. denied, 515 U.S. 1132 (1995). Any assumed disparity in the evidence, where for example, certain evidence is admissible

against Espinosa, but not Peneaux, does not compel the granting of Peneaux's severance Motion. See Bordeaux, 84 F.3d at 1547; McGuire, 45 F.3d at 1187. Nor is Peneaux entitled to severance simply because the Government's evidence may be more damaging against Espinosa than Peneaux. See United States v. Garcia, 785 F.2d 214, 220 (8th Cir.), cert denied, 475 U.S. 1143 (1986).

The Court believes that there is no overriding reasons or unique circumstances present to warrant the granting of a separate trial to Peneaux. This, coupled with the Court's view that a joint trial will not compromise any of Peneaux's rights or result in actual prejudice, or have a substantial and injurious effect or influence on the jury's verdict, see Zafiro, 508 U.S. at 539-41; United States v. Lane, 474 U.S. 438, 449 (1986); United States v. Ortiz, 315 F.3d 873, 897-900 (8th Cir. 2002), makes clear that severance is not compelled under circumstances present.

## VI.

As a fall-back argument, Peneaux asserts that Espinosa's statements to law enforcement officers should be excluded at trial. He offers no basis (other than prejudicial joinder/severance) for doing so and the Court, in its review of the record, has found none. His argument, therefore, is without foundation in fact and law and must fail.

## VII.

Based on the foregoing, it is hereby

ORDERED that Peneaux's Motion to Sever Jury Trials, Docket No. 25, shall be and is denied except to the extent that it seeks to have Espinosa's statements redacted in accordance with Richardson.[2]

Dated this 17th day of October, 2006, at Pierre, South Dakota.

BY THE COURT:

/s/ Mark A. Moreno

MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/
                    Deputy
(SEAL)

---

[2] In denying Peneaux's Motion, the Court believes that the Supreme Court's decisions in Gray and Lilly v. Virgina, 527 U.S. 116 (1999) are distinguishable from the case at hand and/or that the pitfalls found in them can be avoided by following the dictates of Richardson. See Logan, 210 F.3d at 821-23; see also Edwards, 159 F.3d at 1125-26. Redaction under Richardson, though, should be reciprocal; that is, Espinosa's statements, and those made by Peneaux, should be redacted so that their Sixth Amendment right to confrontation is not infringed.

7